The judgment of the court contains the following recital: "And it was there agreed that the court might find the facts and enter judgment out of the county and out of term, to have the same effect as if entered in the county of Lenoir, and at term time." Pursuant to this agreement the court found the following facts and rendered the following judgment.
On 18 September, 1926, the defendants borrowed from the plaintiff the sum of $6,500, and executed their note for the same, and on the same date executed to Raleigh Banking and Trust Company, a deed of trust on lands in Lenior County, for the purpose of securing said loan, which deed of trust appears on record in Book 91, at page 317, of the register's office of said county. The note was due 1 November, 1926.
Default was made in the payment of said note, and plaintiff caused the lands described therein to be advertised for sale by said trustee on 16 January, 1931, after due notice as required by law. At that time there was due on said bond, as interest, the sum of $367.60, and the plaintiff had paid accrued taxes on the land amounting to $1,400.
The sale was enjoined in an action brought by the present defendants against the trustees, Commercial National Bank of Raleigh and Leon S. Brassfield, who had been regularly substituted in the place of the original trustee.
At the hearing of the restraining order before the undersigned judge of the Superior Court, said judge recited in the judgment then entered, that "the only grounds for injunctive relief set up in the complaint, are that the plaintiffs are unable to pay said debt, that the lands in question *Page 788 
are worth much more than said indebtedness, and that owing to the present financial depression, it is impossible for the plaintiffs to raise sufficient funds to pay said debt." It was further recited in said judgment that "the court has carefully examined the complaint with a view of ascertaining if there is any possible allegation therein upon which equitable relief could or might be demanded, and having failed to find any such allegation," it was thereupon adjudged that the restraining order be dissolved and the action dismissed; and the trustees were permitted to proceed with the sale of said lands in the same manner as if the action had not been commenced.
From said judgment an appeal was noted, but was never prosecuted and the same has been abandoned by the defendants, Rasberry and wife. The trustees proceeded to advertise and sell the lands in question, and at the sale the lands were purchased by the plaintiff for the sum of eight thousand, six hundred, sixty-six and 07/100 dollars, and a deed was made to it by said trustees, after said sale had laid open for the statutory time, and no upset bid was made. The defendants had notice of said sale.
After said sale and the execution and registration of the deed from said trustees to the plaintiff, which sale was on 20 July, 1931, the defendants remained in the possession of the lands in question and refused to surrender the same to the plaintiff, and on 10 March, 1932, the plaintiff instituted the present action in ejectment in which the summons and copies of the complaint were served on the defendants on 11 March, 1932, by the sheriff of Lenoir County. The time for answering expired on 10 April, 1932, which was Sunday, so that, under the law, the defendants had until 12 o'clock midnight on 11 April, 1932, in which to file answer and bond for costs, as required by statute.
On 11 April, 1932, the defendants filed an answer, but did not file any bond for costs.
On 10 March, 1932, the plaintiff applied to the court for a receiver of the lands in controversy, and on 30 March, 1932, S. L. Fordham, of Kinston, was appointed receiver of said lands by consent order, and said receiver, also by consent of the parties, leased the lands in controversy to the defendant, W. O. Rasberry, for the year 1932, at a rental of $300, and the defendants are now in the possession of said premises as tenants of said receiver.
On 2 May, 1932, the plaintiff moved before the clerk of the Superior Court for judgment by default final, and also that the answer filed be stricken out, under C. S., 495, or under C. S., 496. The clerk denied the plaintiff's motion, and to the contrary, entered an order nunc pro tunc, permitting the defendants to file a certificate required by C. S., 496, and allowed the answer to remain on file. From this order the *Page 789 
Metropolitan Life Insurance Company appealed to the judge at Chambers, and the cause is now up for hearing upon said appeal.
Practically every question presented by the defendants' answer in the instant case was presented in their complaint in the former action, and the same have been passed upon, and are now not open for a renewed adjudication. The defendants are estopped to again present said contentions to the court.
In the instant case they allege that the substitution of the present trustees was irregular. That question, however, was determined in the first action. They contend that the trustees were not present at the sale. That is immaterial, provided their agent conducted the sale, and that is admitted, at least by inference.
They contend that if given time they can pay the debt secured by the deed of trust, and that the plaintiff is seeking to take an undue advantage of them. These are matters which are purely of humanitarian interest. It is not denied that the plaintiff has paid taxes on the land since the sale; it does not appear from the pleadings in the original action, or in the instant case, that any advantage can be had to the defendants by a postponement of "the day of judgment." The sympathies of the court go out to the defendants, as to all persons who are in distress. The presence in the world at this time of so much distress, the inability of men to pay their taxes, the increasing costs of government, and the improbability of any substantial change in conditions, are matters of the gravest nature. If the defendant had offered, or showed their ability to offer anything at all in the way of payment of taxes and interest on the admitted debt, the court might exercise its discretion, even at this late date, and permit the filing of the certificate and answer; but as nothing has been offered, and it is perfectly apparent that nothing will be offered in the way of taxes or interest, and as the clerk had no authority under the law to enter the order appealed from, it is now considered, ordered and adjudged that the order of the clerk of the Superior Court, permitting the defendants to defend in forma pauperis, be, and the same is declared null and void, and is stricken out. It is further adjudged upon the facts as found, that the answer filed by the defendants be stricken out; and it is further ordered, adjudged and decreed that the plaintiff is the owner of the lands and premises described in the complaint, being the lands referred to in the deed of trust executed by the defendants to Raleigh Banking and Trust Company, recorded in Book 91, at page 317, of the register's office of Lenoir County. It is further ordered that a writ of assistance be issued by the clerk of the Superior Court, commanding the sheriff of Lenoir County to put the defendants out of the possession of said lands, and to put the plaintiff into the possession thereof. *Page 790 
It appearing to the court that the defendants are in the present possession of said lands as tenants of the receiver, for the year 1932, it is ordered that said writ of assistance be not issued until on or after 31 December, 1932, at 12 o'clock midnight, at which time the present tenancy will cease and determine.
The costs of this action will be taxed against the defendants by the clerk of the Superior Court.
Upon the facts as found by the trial court the judgment is
Affirmed.